[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT FOR FAILURE TO RETURN ITEMS OF PERSONAL PROPERTY (DOCKET ENTRY No. 133) AND FOR DETERMINATION OF PAYMENT (DOCKET ENTRY No. 134)
The plaintiff has moved for contempt alleging the defendant had failed to return items of personal property as ordered by the court in paragraphs 8, 10 and 11 of its judgment and for determination of payment for those items not returned as ordered by the court in paragraphs 8, 10 and 11 of its judgment.
Upon the last day of hearings on these motions, it was determined that the defendant had failed to deliver certain items of tangible personal property still in her residence in New York City. Based upon the testimony during these hearings, the property which she continued to retain was extremely valuable. On August 9, the court ordered the defendant to deliver those items originally awarded to the plaintiff, and which she continued to retain, to her attorney's office within one week.
The court has been advised that those items have been so delivered. The court finds that there was an intentional and wilful failure of the defendant to abide by this court's prior orders and finds the defendant in contempt. The court considers that its language of paragraph 9 of its memorandum of decision dated September 13, 1988 to have been clear that the items on plaintiff's exhibit X were the property of the plaintiff. The defendant has purged herself of the court's finding of contempt by delivery of the remaining items on August 16, 1991.
The remaining items on exhibit X which have not been delivered are set forth in plaintiff's exhibit G. These items and the values found by the court are as follows:
At 65 East 96th Street, Apartment 14B:
One antique small dresser from the entrance hall $ 2,000.00 Two naive paintings from Columbia by Noe Leon 20,000.00 One view of Paris 500.00 Four antique chairs at $500.00 each 2,000.00 One table with red top and swan legs 1,000.00 Three water colors of Montmorte 900.00 One statue of lying girl signed by Irma Rothstein 1,000.00 Two antique pictures of birds 500.00 Two framed antique ducks 500.00 One painting a la Renoir 300.00
At Remsenberg: CT Page 7320
One antique mahogany game table 850.00 One antique French serving (sic sewing) table 1,500.00 One antique 17th century treasure chest 1,200.00 Six paintings by Zulotorow 1,800.00 Twenty antique (1850) Napoleon gold coins at $300.00 each 6,000.00 Two Mexican gold coins at $750.00 each 1,500.00
TOTAL $41,550.00
In addition to the foregoing, the defendant has failed to return the plaintiff's gold watch and gold chain that belonged to his grandfather and the gold and ruby cuff links that belonged to his father. The plaintiff testified that the watch was one hundred years old, a round pocket watch, double opening (back and front), solid gold with a Swiss movement. The cuff links, also, were solid gold with four rubies on each cuff link. The plaintiff placed a value of $25,000.00 on these Intel, saying that this is what the items were worth to him and stating further that this value was a "guesstimate" on his part. The plaintiff was unable to state the weight of the watch, chain or the cuff links and could not give the carat weight of the rubies.
The court finds that the plaintiff has failed to sustain his burden of proof with regard to these items and finds a value of $2,500.00 for the watch, gold chain and cuff links.
The defendant shall compensate the plaintiff the sum of Forty-four Thousand Fifty ($44,050.00) Dollars from her share of the proceeds of sale of the Remsenberg, Long Island property pursuant to the provisions of paragraphs 8, 10 and 11 of the judgment.
On the motion for contempt, the plaintiff asks for counsel fees and court costs. Pursuant to the provisions of46b-87 of the General Statutes, the court allows $1,500.00 by way of counsel fees and orders that the defendant shall pay said amount to the plaintiff within sixty (60) days of this date.
EDGAR W. BASSICK, III, JUDGE